UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINDA P. VENEMAN; CHARLES A. VENEMAN; VENEMAN ESTATES LLC,<br><br>Plaintiffs,<br><br>v.<br><br>J.P. MORGAN CHASE AND COMPANY; et al.,<br><br>Defendants. | 3:10-cv-0394-LRH-VPC<br><br>ORDER |

Before the court is defendants Lynn Hetherington ("Hetherington") and Wells Fargo Bank N.A.'s ("Wells Fargo") motion to dismiss filed on July 6, 2010. Doc. #6.[1] Plaintiffs Linda and Charles Veneman ("the Venemans") filed an opposition (Doc. #13) to which moving defendants replied (Doc. #20).

**I.    Facts and Procedural History**

This matter arises out of a home-equity line of credit issued by defendant Chase Home Finance ("Chase"). In early 2010, the Venemans allege they obtained a home-equity line of credit through Chase and received a $75,000 check for the purchase of property in Clark County, Nevada. The Venemans attempted to deposit that check with defendant Wells Fargo through Wells Fargo

---

[1] Refers to the court's docket entry number.

1  representative Hetherington. Wells Fargo allegedly did not credit their account with the deposit,
2  thereby forcing the Venemans to withdraw money from stocks and take out a personal loan to
3  purchase the property.

4　　　　Subsequently, on June 7, 2010, the Venemans filed a complaint against defendants alleging
5  twelve causes of action: (1) breach of contract - Chase; (2) breach of implied covenant of good
6  faith and fair dealing - all defendants; (3) unjust enrichment - Chase; (4) conversion - Chase;
7  (5) defamation - Chase; (6) negligent misrepresentation - all defendants; (7) fraud - Chase; (8) civil
8  RICO violations - Chase; (9) deceptive trade practices - Chase; (10) unjust enrichment - Chase;
9  (11) obtaining property by false pretenses - Chase; and (12) elder abuse - Chase. Doc. #1, Exhibit
10 1.

11　　　　Thereafter, moving defendants filed the present motion to dismiss all claims against them:
12 claim two (2) for breach of the implied covenant of good faith and fair dealing; and claim six (6)
13 for negligent misrepresentation. Doc. #6.

14 **II.    Legal Standard**

15　　　　In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken
16 as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v.*
17 *Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court
18 does not necessarily assume the truth of legal conclusions merely because they are cast in the form
19 of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752,
20 754-55 (9th Cir. 1994).

21　　　　There is a strong presumption against dismissing an action for failure to state a claim. *See*
22 *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is
23 not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence
24 in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other*
25 *grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). However, a plaintiff's obligation to
26

provide the grounds of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

**III.   Discussion**

    **A. Breach of Good Faith and Fair Dealing**

To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Here, the Venemans allege that moving defendants breached the implied covenant because they misrepresented that they would be able to quickly process the deposit from Chase in time for the land purchase. However, moving defendants' alleged misconduct did not arise from an existing contract between plaintiffs and Wells Fargo. The Venemans fail to allege facts in their complaint to establish that the parties entered into a contract concerning the deposit. Thus any alleged misconduct occurred outside of a contract and cannot constitute a breach of the implied covenants. *See Perry*, 134 P.3d at 702. Accordingly, moving defendants' motion shall be granted as to the breach of good faith and fair dealing claim.

    **B. Negligent Misrepresentation**

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well

as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Here, the Venemans do not identify what fraudulent acts or omissions Wells Fargo or Hetherington committed and at what time and where these misrepresentations took place. The Venemans' complaint fails to allege anything more than defendants made misrepresentations during the parties' interactions. These allegations are insufficient to support a claim for fraudulent misrepresentation. Accordingly, moving defendants' motion to dismiss shall be granted as to plaintiffs' misrepresentation claim.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #6) is GRANTED. Defendants Lynn Hetherington and Wells Fargo Bank N.A. are DISMISSED as defendants.

IT IS SO ORDERED.

DATED this 9th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE