UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LINDA P. VENEMAN; CHARLES A. VENEMAN; VENEMAN ESTATES LLC,

    Plaintiffs,

v.

J.P. MORGAN CHASE AND COMPANY; et al.,

    Defendants.

3:10-cv-0394-LRH-VPC

ORDER

    Before the court is plaintiffs Linda and Charles Veneman's ("the Venemans") motion for leave to file a supplemental complaint. Doc. #44.[1]

    Also before the court are defendants JP Morgan Chase Bank NA; Chase Home Finance LLC; and JP Morgan Chase and Company's (collectively "defendants") motion for summary judgment (Doc. #51) and motion to stay (Doc. #53).

**I.   Facts and Procedural History**

    This matter arises out of a home-equity line of credit issued by defendant Chase Home Finance ("Chase"). In early 2010, the Venemans allege they obtained a home-equity line of credit through Chase and received a $75,000 check for the purchase of property in Clark County, Nevada.

---

[1] Refers to the court's docket entry number.

1  The Venemans attempted to deposit that check, but the money did not initially clear forcing the
2  Venemans to withdraw money from stocks and take out a personal loan to purchase the property.
3        Subsequently, on June 7, 2010, the Venemans filed a complaint against defendants alleging
4  twelve causes of action: (1) breach of contract; (2) breach of implied covenant of good faith and
5  fair dealing; (3) unjust enrichment; (4) conversion; (5) defamation; (6) negligent misrepresentation;
6  (7) fraud; (8) civil RICO violations; (9) deceptive trade practices; (10) unjust enrichment; (11)
7  obtaining property by false pretenses; and (12) elder abuse. Doc. #1, Exhibit 1. Thereafter, the
8  Venemans filed the present motion for leave to file a supplemental complaint. Doc. #44.

9  **II.   Discussion**

10      **A. Motion to Amend (Doc. #44)**

11        A party, by leave of court, may file a supplemental pleading setting forth a new cause of
12  action arising after the date of the initial pleading that bears some relationship to the transaction or
13  occurrence in the underlying pleading. FED. R. CIV. P. 15(d); *see also, Weeks v. New York State*,
14  273 F.3d 58, 66 (2nd Cir. 2001). The purpose of a supplemental pleading is to provide complete
15  relief in one action and "to avoid the cost, delay, and waste of separate actions which must be
16  separately tried and prosecuted." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (citing *New
17  Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 28-29 (4th Cir. 1963)).

18        In considering a motion for leave to file a supplemental pleading, a court considers the same
19  factors considered in a motion to amend. *Klos v. Haskell*, 835 F. Supp. 710, 715 (W.D. N.Y. 1993),
20  *affirmed*, 48 F.3d 81 (2nd Cir. 1995). Thus, leave of court should be given when justice so requires
21  and when there is no undue delay, bad faith, or dilatory motive on the part of the moving party. *See
22  Wright v. Incline Village General Imp. Dist.*, 597 F.Supp.2d 1191 (D. Nev. 2009); *DCD Programs,
23  LTD v. Leighton*, 883 F.2d 183 (9th Cir. 1987).

24        Here, the Venemans request leave to file a supplemental complaint to add additional claims
25  for loss of consortium and negligent/intentional infliction of emotional distress based on

26

1  defendants' conduct after the filing of the initial complaint. Doc. #44. A copy of the proposed
2  supplemental complaint is provided in accordance with LR 15-1. Doc. #47.

3        The court finds that there is no undue delay, bad faith, or dilatory motive on behalf of the
4  Venemans in requesting leave to supplement. Further, the court finds that defendants would not be
5  prejudiced by allowing the filing of a supplemental pleading. Accordingly, the court shall grant the
6  Venemans motion for leave to file a supplemental pleading.

7        **B.  Motion for Summary Judgment (Doc. #51)**

8        The motion for summary judgment does not address the new claims and theories in the
9  proposed supplemental complaint. The amended complaint supersedes the original complaint in its
10 entirety. Accordingly, defendants' motion for summary judgment is now moot. Therefore, the court
11 shall deny the motion without prejudice because defendants have not yet had the opportunity to
12 respond to the new allegations and claims in the supplemental complaint.

14       IT IS THEREFORE ORDERED that plaintiffs' motion for leave (Doc. #44) is GRANTED.
15 The clerk of court is directed to file plaintiffs' supplemental complaint (Doc. #47).

16       IT IS FURTHER ORDERED that defendants' motion for summary judgment (Doc. #51) is
17 DENIED without prejudice.

18       IT IS FURTHER ORDERED that defendants' motion to stay (Doc. #53) is DENIED as
19 moot.

20       IT IS SO ORDERED.
21       DATED this 31st day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE